**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-01367-NYW-MDB

AMERICAN ECONOMY INSURANCE COMPANY,

    Plaintiff,

v.

ELIZABETH ROCHA,
JASON RUSCO,
ANDREA RUSCO, and
LUKE RUSCO,

    Defendants.

---

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Jason Rusco, Andrea Rusco, and Luke Rusco's Motion to Dismiss Plaintiff's Complaint for Declaratory Relief or, in the Alternative, Stay Action (the "Motion" or "Motion to Dismiss") filed on August 10, 2023. [Doc. 18]. The Court has reviewed the Motion and the related briefing, the applicable case law, and the entire case file, and concludes that oral argument would not materially assist in the resolution of the Motion. For the reasons set forth below, the Motion to Dismiss is respectfully **GRANTED**.

## BACKGROUND

The Court draws the following facts from the Complaint for Declaratory Relief ("Complaint"), [Doc. 1], and presumes they are true for purposes of this Order. Plaintiff American Economy Insurance Company ("Plaintiff" or "American Economy") issued a homeowners' insurance policy (the "Policy") to Defendants Jason Rusco and Andrea Rusco (together with Defendant Luke Rusco, the "Rusco Defendants"), which provided coverage over the Rusco

Defendants' residence (the "Residence Premises"). [*Id.* at ¶ 11]. On August 21, 2021, a party was held at the Residence Premises; Luke Rusco, Defendant Elizabeth Rocha ("Ms. Rocha" or "Defendant Rocha"), and non-party Alexander Martidis ("Mr. Martidis") were in attendance. [*Id.* at ¶ 19]. At the party, "Alexander Martidis allegedly sexually molested and/or physically or mentally abused Defendant Elizabeth Rocha." [*Id.* at ¶ 22]. Mr. Martidis later pleaded guilty to a sexual-assault charge, a class four felony, in state court. [*Id.* at ¶ 23]. On or about May 12, 2023, counsel for Ms. Rocha submitted a written demand to American Economy stating that Jason and Andrea Rusco were liable for injuries and damages sustained by Ms. Rocha and "demanded payment from Plaintiff of Policy benefits in compensation for injuries and damages arising from the alleged sexual molestation and/or physical or mental abuse of Defendant Rocha on August 21, 2021." [*Id.* at ¶ 24].

American Economy initiated this lawsuit on May 31, 2023, naming the Rusco Defendants and Ms. Rocha as defendants in this case. *See* [*id.* at 1]. American Economy alleges that the Policy issued to Jason and Andrea Rusco does not provide coverage for the injuries or damages sustained by Ms. Rocha. [*Id.* at ¶¶ 25–28]. Plaintiff seeks a declaratory judgment that (1) there is no coverage under the insurance Policy for the injuries sustained by Ms. Rocha; (2) there is "no coverage for any and all injuries and damages that do not qualify as 'bodily injury' under the terms" of the insurance Policy; (3) there was no "occurrence" that caused any "bodily injury," as the terms are defined in the homeowners' Policy, to Ms. Rocha on August 21, 2021; (4) certain exclusions bar any insurance coverage; and (5) there is no duty to indemnify the Rusco Defendants for any injuries or damages sustained by Ms. Rocha on August 21, 2021, nor is there any duty to indemnify the Rusco Defendants "for any settlement or judgment that might enter based on" the events occurring at the Residence Premises on August 21, 2021. [*Id.* at ¶ 32].

2

The Rusco Defendants filed their Motion to Dismiss on August 10, 2023. [Doc. 18]. They argue that this lawsuit should be dismissed because there is no existing legal controversy between the Parties. [*Id.* at 2]. Plaintiff has responded in opposition to the Motion, [Doc. 27], and the Rusco Defendants have since replied. [Doc. 31].[1] The Court considers the Parties' arguments below.

## LEGAL STANDARD

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Declaratory judgment actions often require courts to face the difficult task of distinguishing between actual controversies and attempts to obtain advisory opinions on the basis of hypothetical controversies." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1111 n.12 (10th Cir. 2010) (quotation and alterations omitted).

The Supreme Court has "explained that the phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "Article III has long been

---

[1] Ms. Rocha waived service in this case and her answer was due on August 11, 2023. [Doc. 9]. On August 28, 2023, Ms. Rocha filed a "Motion to Join" the Rusco Defendants' Motion to Dismiss. *See* [Doc. 23]. This Court struck Ms. Rocha's Motion to Join for failure to comply with the conferral requirements of Local Rule 7.1(a); in so doing, the Court noted that Ms. Rocha's motion was untimely and advised Ms. Rocha that should she refile her motion, "she must articulate good cause warranting the Court permitting the filing out-of-time and excusable neglect for her failure to meet her deadline." *See* [Doc. 25]. Ms. Rocha has not filed any responsive pleading; in fact, Plaintiff's counsel represents that Ms. Rocha's counsel "advised that Defendant Rocha does not intend to file any further response to Plaintiff's Complaint and wishes 'to be excused from this litigation.'" [Doc. 34 at 2]. Plaintiff obtained a Clerk's entry of default against Ms. Rocha, *see* [Doc. 35], and has filed a Motion for Default Judgment as to Ms. Rocha. [Doc. 42].

interpreted as forbidding federal courts from rendering advisory opinions." *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011); *see also Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004) ("District and appellate courts have limited subject matter jurisdiction and may only hear cases when empowered to do so by the Constitution and by act of Congress." (quotation omitted)).[2] "It is not the role of federal courts to resolve abstract issues of law. Rather, they are to review disputes arising out of specific facts when the resolution of the dispute will have practical consequences to the conduct of the parties." *Columbian Fin. Corp.*, 650 F.3d at 1376.

The Declaratory Judgment Act "presents two separate hurdles for parties seeking a declaratory judgment to overcome." *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). First, there must be an "actual controversy," which has been "equated to the Constitution's case-or-controversy requirement." *Id.* "[A] party seeking a declaratory judgment has the burden of establishing the existence of an actual case or controversy." *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993). "Second, even where a constitutionally cognizable controversy exists, the Act stipulates only that district courts 'may'—not 'must'— make a declaration on the merits of that controversy," and thus, "district courts are entitled to consider a number of case-specific factors in deciding whether or not to exercise their statutory declaratory judgment authority." *Surefoot*, 531 F.3d at 1240; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (recognizing that the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling act, which confers a discretion on the courts rather than

---

[2] The Rusco Defendants do not expressly move for dismissal under Rule 12(b)(1) or 12(b)(6) or set out any legal standard for dismissal. *See generally* [Doc. 18]. Because they argue that there is no present "case" or "controversy," the Court assumes that they seek dismissal under Rule 12(b)(1).

4

an absolute right upon the litigant.'" (quoting *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952))).

In other words, the Court "is not obliged to entertain every justiciable declaratory claim brought before it." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994). A court considers several case-specific factors in deciding whether to exercise jurisdiction over a declaratory judgment claim, including

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*'; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Id.* at 983 (quotation omitted) (brackets in original).

## ANALYSIS

First, the Court must determine whether an "actual controversy" exists under the Declaratory Judgment Act. 28 U.S.C. § 2201(a); *Surefoot*, 531 F.3d at 1240. "In the context of declaratory relief, the Tenth Circuit has held that 'we look beyond the initial controversy which may have existed at one time and decide whether the facts alleged show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Esurance Prop. & Cas. Ins. Co. v. Palm*, No. 20-cv-02170-PAB-STV, 2021 WL 4477686, at *5 (D. Colo. Sept. 30, 2021) (quoting *Chihuahuan Grasslands All. v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008)). The question before the Court is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Columbian Fin. Corp.*, 650 F.3d at 1376 (quotation and emphasis omitted).

5

As the party seeking a declaratory judgment, Plaintiff bears the burden of establishing an actual case or controversy. *Cardinal Chem. Co.*, 508 U.S. at 95. American Economy argues that this case presents an actual controversy because the Parties have "adverse legal interests." [Doc. 27 at 6]. While it also asserts that "a proactive declaratory judgment action need not await the filing of an underlying lawsuit," it does not develop its argument that *this* declaratory judgment action "appropriately seeks a judicial determination of an existing, immediate controversy." [*Id.*]. The Rusco Defendants argue generally that there is no actual controversy in this case because Ms. Rocha has not formally initiated any litigation against the Rusco Defendants. *See generally* [Doc. 18].[3]

The Court concludes that whether the Policy covers any potential claims from the 2021 assault is not, at this time, a substantial controversy based on a "currently justiciable issue or an

---

[3] In its Response, Plaintiff argues that the Rusco Defendants "mistakenly rely on state court case law and ignore federal precedent applicable to the federal Declaratory Judgment Act, . . . under which the instant action has been brought." [Doc. 27 at 2]. The Court agrees with Plaintiff that federal law, not state law, "'determines whether a district court may properly enter a declaratory judgment' in a diversity case." *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1194 (D. Colo. 2018) (quoting *Addison Ins. Co. v. Maynard*, No. 08-cv-00054-WDM-BNB, 2008 WL 2079143, at *2 (D. Colo. May 15, 2008)). Thus, courts in this District apply the *Mhoon* factors to determine whether to exercise their discretion and assume jurisdiction over a declaratory judgment claim. *See, e.g., N.H. Ins. Co. v. TSG Ski & Golf, LLC*, No. 21-cv-01873-CMA-NYW, 2022 WL 1184547, at *4 (D. Colo. Apr. 21, 2022); *Palm*, 2021 WL 4477686, at *6. The Rusco Defendants do not reference or raise any arguments addressing the *Mhoon* factors in their Motion or their Reply. *See* [Doc. 18; Doc. 31]. Instead, the Rusco Defendants raise arguments under *Constitution Associates v. New Hampshire Insurance Co.*, wherein the Colorado Supreme Court stated that "jurisdiction exists only if the controversy contains a currently justiciable issue or an existing legal controversy, rather than the mere possibility of a future claim." *Const. Assocs. v. N.H. Ins. Co.*, 930 P.2d 556, 561 (Colo. 1996), *as modified on denial of reh'g* (Jan. 13, 1997). Courts in this District have relied upon *Constitution Associates*, in addition to the *Mhoon* factors, to decide whether to entertain a declaratory judgment action. *See, e.g., TBL Collectibles*, 285 F. Supp. 3d at 1195. In any event, the Rusco Defendants' failure to raise arguments under the *Mhoon* factors does not require denial of their Motion to Dismiss because, as a result of this Court's determination in this Order that there is not an actual controversy warranting the issuance of a declaratory judgment, analysis of the *Mhoon* factors is unnecessary. *See Surefoot*, 531 F.3d at 1240.

existing legal controversy" of "sufficient immediacy and reality" to warrant the Court's discretionary exercise of jurisdiction under the Declaratory Judgment Act. This Court's inquiry "focuse[s] on the underlying facts, assessing whether they suggest an extant controversy between the parties or whether instead they merely call on [a court] to supply an advisory opinion about a hypothetical dispute." *Surefoot*, 531 F.3d at 1242.

Plaintiff alleges in its Complaint that on or about May 12, 2023, attorneys for Defendant Rocha submitted a letter to Plaintiff "demand[ing] payment from Plaintiff of Policy benefits in compensation for injuries and damages arising from the alleged sexual molestation and/or physical or mental abuse of Defendant Rocha on August 21, 2021." [Doc. 1 at ¶ 24]. The demand letter states that it was submitted to Plaintiff "to determine if [Ms. Rocha's] claims may be settled without the necessity of filing a lawsuit." [Doc. 24-2 at 1]. The letter states that "many claims . . . could be brought against the Rusco's [sic]" and that "claims of premise[s] liability, negligent supervision, negligent infliction of emotional distress/outrageous conduct, and Social host liability can indisputably be established." [*Id.* at 3].[4] The letter includes a monetary demand which counsel asserts is "reasonable given the near certainty of a finding of liability on the part of your insured and the extent of the injuries suffered by Elizabeth Rocha." [*Id.* at 4]. The letter does not expressly threaten litigation, *see generally* [*id.*], and Plaintiff does not allege that Ms. Rocha has expressly threatened a lawsuit against the Rusco Defendants or against American Economy. *See generally*

---

[4] "A district court may . . . consider documents attached to or referenced in the complaint if they are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quotation omitted). The demand letter is referenced in the Complaint, *see* [Doc. 1 at ¶ 24], and while the Rusco Defendants assert that this letter "has no foundation, is hearsay, and is not admissible evidence," *see* [Doc. 31 at 2], no Party disputes the letter's authenticity. Therefore, the Court may consider the letter without converting the Motion to Dismiss into a motion for summary judgment.

7

[Doc. 1]. Plaintiff requests a declaratory judgment that, *inter alia*, "no coverage is available under the Policy for the sexual molestation and/or physical or mental abuse of Defendant Rocha at the Residence Premises on August 21, 2021." [*Id.* at ¶ 32].

The Court respectfully agrees with the Rusco Defendants that, without any underlying lawsuit, this declaratory judgment action does not present an actual controversy; instead, it "involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (quotation omitted). "The mere possibility that proceedings might be commenced against an insured regarding an act of the insured's as to which the insurer might contest coverage, is not sufficient to create a controversy within the meaning of either the Declaratory Judgment Act or Article III of the Constitution." *Solo Cup Co. v. Fed. Ins. Co.*, 619 F.2d 1178, 1189 (7th Cir. 1980) (cited with approval in *Columbian Fin. Corp.*, 650 F.3d at 1384–85).

Courts in this District have dismissed anticipatory declaratory judgment actions, filed before any underlying lawsuit has been initiated, as "premature." *See, e.g.*, *Nat'l Farmers Union Prop. & Cas. Co. v. Willard*, No. 16-cv-03163-WJM-MJW, 2017 WL 3492987, at *3 (D. Colo. Aug. 15, 2017); *Ins. Co. of the State of Pa. v. Hanover Ins. Co.*, No. 13-cv-02580-WYD-BNB, 2014 WL 1515551, at *2 (D. Colo. Apr. 18, 2014); *United Fire & Cas. Co. v. Contractor Heating, Inc.*, No. 08-cv-00328-LTB-CBS, 2008 WL 2572124, at *3 (D. Colo. June 24, 2008). These courts reason that, without an underlying lawsuit, a court presented with a declaratory judgment action is without any "legal or factual basis . . . to make a final determination that the policy does or does not provide coverage for any potential claims," *Nat'l Farmers Union*, 2017 WL 3492987, at *3 (quotation omitted); *United Fire*, 2008 WL 2572124, at *3 (quotation omitted), and that a declaratory judgment action that merely seeks "redress related to the mere possibility of a future

8

claim" does not satisfy the justiciable-controversy standard.  *United Fire*, 2008 WL 2572124, at *3 (quotation omitted).

Although the demand letter states that Rusco Defendants may be held liable on "claims of premise[s] liability, negligent supervision, negligent infliction of emotional distress/outrageous conduct, and Social host liability," [Doc. 24-2 at 3], the demand letter does not sufficiently identify any *specific* legal claim that Ms. Rocha has asserted or intends to assert against the Rocha Defendants, instead referencing "*many claims which could be brought* against the Rusco's [sic]." [*Id.* (emphasis added)].  A justiciable controversy "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from [a request for] an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 241 (1937).  Absent an underlying lawsuit that articulates specific causes of action and factual allegations, the Court would be left to speculate about what claims Ms. Rocha could or might bring against the Rusco Defendants (and the attendant legal theories), and notably, the exact nature of any potential claims asserted by Ms. Rocha in a formal lawsuit could impact the availability of coverage.  *See infra* note 5.  A request for a declaration about coverage with respect to "any and all potential claims, based on not yet ascertained facts arising out of" the assault, is not a sufficiently concrete controversy to warrant the issuance of a declaratory judgment.  *United Fire*, 2008 WL 2572124, at *3.  Without an underlying lawsuit expressly setting out Ms. Rocha's affirmative claims and theories of liability, the Court lacks a sufficient "legal or factual basis . . . to make a final determination that the policy does or does not provide coverage for any potential claims." *Nat'l Farmers Union*, 2017 WL 3492987, at *3 (quotation omitted).

9

While American Economy "correctly points out that it was not obligated to wait until it was sued . . . to seek declaratory relief[,] Plaintiff nonetheless has the burden to plead 'underlying facts' that 'suggest an extant controversy'; the Court is not permitted 'to supply an advisory opinion about a hypothetical dispute.'" *Associated Indus. Ins. Co., Inc. v. Hoskins*, No. CIV-20-283-G, 2021 WL 951752, at *3 (W.D. Okla. Mar. 12, 2021) (quoting *Surefoot*, 531 F.3d at 1242) (citation omitted); *see also* [Doc. 27 at 6]. The Court acknowledges that there are some instances where courts have found an actual controversy ripe for determination even absent an underlying lawsuit. In *Aetna Life Insurance Co. of Hartford v. Haworth*, 300 U.S. 227 (1937), the Supreme Court concluded that it had jurisdiction to hear an insurance company's declaratory judgment action that sought a declaration that its insured was not disabled and it had no obligation to pay benefits. *Id.* at 239. The Court reasoned that the parties' dispute—whether the insured was disabled—was "a controlling fact which *[could] be finally determined* and which fixe[d] rights and obligations under the policies" and that the "parties had taken adverse positions with respect to their *existing* obligations." *Id.* at 242–43 (emphasis added). The Court also reasoned that "[i]f the insured had brought suit to recover the disability benefits currently payable under . . . the policies there would have been no question that the controversy was of a justiciable nature." *Id.* at 243. The Tenth Circuit summarized the force of *Aetna* as follows:

> when the insured could file suit on identical issues and, upon success, be entitled to payments from the insurer, the insurer can bring a declaratory-judgment action without waiting for suit by the insured, at least when the factual issues *have fully matured* (that is, the factual premise is not "hypothetical"), the parties have formally expressed their differences on the issue (there is a "real and substantial controversy"), and the likelihood of the insured, or his beneficiary, eventually bringing a claim is high, if not inevitable (the controversy is "of sufficient immediacy and reality").

*Columbian Fin. Corp.*, 650 F.3d at 1377 (emphasis added) (discussing *Aetna*). In *Columbian Financial Corp.*, the Tenth Circuit contemplated a viable declaratory judgment action where "the

10

injured party may not yet have sued the insured," *id.* at 1383, but stated that "the *sine qua non* is an identifiable specific claim that has risen above the horizon." *Id.* at 1384 (emphasis added). In that case, the Tenth Circuit concluded that there was no justiciable controversy with respect to whether the insurance company had a duty to indemnify its insured because "the specific facts relevant to indemnification" were unknown, such that "the factual predicate for a potential indemnification claim [was] too uncertain to permit judicial intervention," and "no claim ha[d] 'taken on fixed and final shape.'" *Id.* at 1382 (quoting *Wycoff*, 344 U.S. at 244). Similarly here, the demand letter identifies only potential theories of liability, rather than claims of fixed and final shape, which leads this Court to conclude that this case lacks a sufficiently concrete controversy ripe for resolution.[5]

In addition, the Court notes that Plaintiff seeks a declaration that it has no duty to defend the Rusco Defendants in any lawsuit filed by Ms. Rocha. *See* [Doc. 1 at 9–10]; *see also* [Doc. 24 at 2 ("Plaintiff requests a declaratory judgment that no defense or indemnification is available under the Policy with respect to the Incident.")]. "Colorado law provides that an insurer's duty to defend 'arises solely from the complaint in the underlying action.'" *Nat'l Farmers Union*, 2017

---

[5] For example, Plaintiff asserts in its Complaint that there is no coverage under the policy because, *inter alia*, (1) Ms. Rocha's injuries "arose out of 'physical or mental abuse, sexual molestation or sexual harassment,' and coverage under the Policy is, therefore, barred due to the application of Exclusion[] no. 1(k)"; and (2) Ms. Rocha's injuries "resulted from the 'violation of a criminal law committed by, or with the knowledge or consent of any insured,' and coverage under the Policy is, therefore, barred due to the application of Exclusion[] no. 1(b)." [Doc. 1 at ¶¶ 26, 28]. But the demand letter suggests that Ms. Rocha might believe that her injuries are the result of, at least in part, the Rocha Defendants' negligence. *See* [Doc. 24-2 at 4 ("Ms. Rocha is entitled to an award of monetary damages for her pain and suffering and diminished ability to enjoy life as a direct result of Alex Martidis' conduct *as well as the negligence of the Rusco family*." (emphasis added))]. Without an underlying lawsuit expressly setting out Ms. Rocha's affirmative claims and theories of liability, and a determination of the facts that might weigh on that liability, the Court lacks a sufficient "legal or factual basis . . . to make a final determination that the policy does or does not provide coverage for any potential claims." *Nat'l Farmers Union*, 2017 WL 3492987, at *3 (quotation omitted).

WL 3492987, at *3 (quoting *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 827 (Colo. 2004)).  Thus, to determine whether a duty to defend exists, the Court "would need to examine the 'four corners' of a not-yet-filed underlying complaint." *Id.*  "The lack of an underlying complaint in this case—and specific knowledge of the possible claims alleged in relation to the accident—is fatal to [the Court's] ability to render a decision in this action seeking anticipatory declaratory relief on the issue." *United Fire*, 2008 WL 2572124, at *4.

Finally, the Court emphasizes that its "exercise of jurisdiction to grant declaratory relief is discretionary rather than mandatory under both federal and Colorado law." *Id.*  In light of the lack of final and fixed claims against the Rusco Defendants and the above-identified potential complications that would likely result if the Court were to attempt to fashion relief based on hypothetical claims, the Court declines to exercise jurisdiction over this anticipatory declaratory judgment action. *See Nat'l Farmers Union*, 2017 WL 3492987, at *4.  Having concluded there is no actual controversy, the Court need not address the *Mhoon* factors. *Cf. Surefoot*, 531 F.3d at 1240.  American Economy's declaratory judgment action against the Rusco Defendants is **DISMISSED without prejudice**.

This leaves only Plaintiff's declaratory judgment claim against Ms. Rocha.  Ms. Rocha has not moved to dismiss this claim and has instead defaulted in this case. *See* [Doc. 35].  "[A] workable system of justice requires that litigants not be free to appear at their pleasure," *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983), and "defendants cannot escape liability merely by refusing to participate" in a case. *Pleitez v. Carney*, 594 F. Supp. 2d 47, 48–49 (D.D.C. 2009).  Thus, in most instances with similar procedural circumstances, this Court would dismiss the Rusco Defendants from this lawsuit and allow American Economy's claim against Ms. Rocha to proceed.  However, the Court's conclusions with

respect to the propriety of American Economy's declaratory judgment action and this Court's discretion to hear the case are equally applicable to Plaintiff's same claim against Ms. Rocha. In addition, it is unclear whether Ms. Rocha could now bring a viable claim for any of the various causes of action identified by her attorneys in the demand letter, i.e., "premise[s] liability, negligent supervision, negligent infliction of emotional distress/outrageous conduct, and Social host liability." *See* [Doc. 24-2 at 3]. The injuries sustained by Ms. Rocha at the Residence Premises that form the basis of the Complaint allegedly occurred on August 21, 2021. [Doc. 1 at ¶ 31]. There is a two-year general statute of limitations for all tort actions, including but not limited to premises liability, negligence, and outrageous conduct. *See* Colo. Rev. Stat. § 13-80-102; *see also Vigil v. Franklin*, 103 P.3d 322, 331 (Colo. 2004) (recognizing that "[i]n Colorado's premises liability statute, the General Assembly intended to establish an exclusive specification of the duties landowners owe to those injured on their property. As such, common law landowner duties do not survive its enactment.").

Given the uncertainties discussed above, this Court would not elect to enter a declaratory judgment against Ms. Rocha, even with her procedural default, and American Economy thus cannot succeed on its Motion for Default Judgment [Doc. 42]. In the interest of judicial economy, the Court will **DISMISS** American Economy's declaratory judgment claim against Ms. Rocha **without prejudice** for the reasons set out above.

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that:

(1) Defendants Jason Rusco, Andrea Rusco, and Luke Rusco's Motion to Dismiss Plaintiff's Complaint for Declaratory Relief or, in the Alternative, Stay Action [Doc. 18] is **GRANTED**;

13

(2) This action is **DISMISSED without prejudice**;

(3) Plaintiff's Motion for Summary Judgment and Memorandum Brief in Support Thereof [Doc. 24] is **DENIED as moot**; and

(4) Plaintiff's Motion for Default Judgment [Doc. 42] is **DENIED as moot**;

(5) The Rusco Defendants are awarded their costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 54.1; and

(6) The Clerk of Court is directed to close this case.

DATED: October 11, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge